**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**JOHN OWANG OMOLLO,**                                    :
                                                          :     **ORDER**
                        **Plaintiff,**                    :
                                                          :     **07 Civ. 9259 (SAS)**
            **- against -**                               :
                                                          :
**CITIBANK, N.A. and CHARLES PRINCE,**                    :
                                                          :
                        **Defendants.**                   :
------------------------------------------------------------X
**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On October 23, 2007, pro se plaintiff John Owang Omollo filed an

application for appointment of counsel.  For the reasons that follow, plaintiff's

application is granted.

## I.    LEGAL STANDARD

In *Hodge v. Police Officers*, the Second Circuit set forth the factors a

court should consider in deciding whether to grant an indigent pro se plaintiff's

request for appointment of counsel.[1]  As a threshold requirement, the court must

decide whether the plaintiff's claim "seems likely to be of substance."[2]  If the

plaintiff satisfies this requirement, the court must next consider such factors as:

---

[1]    802 F.2d 58, 61-62 (2d Cir. 1986).

[2]    *Id.*

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[3]

In considering these factors, district courts should neither apply bright-line rules nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[4] Indeed, none of these factors should be considered controlling in a particular case.[5] Each case must be decided on its own facts.

## II.    DISCUSSION

On October 16, 2007, Chief Judge Kimba M. Wood granted plaintiff's application to proceed in forma pauperis ("IFP"). Therefore, plaintiff qualifies as indigent under *Hodge*. Based on plaintiff's IFP status, as well as the record in its entirety, I find that plaintiff meets the requirements for appointment of counsel.

This Court has diversity jurisdiction over plaintiff's action pursuant to section 1332 of Title 28 of the United States Code. Plaintiff claims that

---

[3]    *Id.* at 61-62.

[4]    *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[5]    *Hodge*, 802 F.2d at 61.

defendants fraudulently induced him to enter into an employment contract pursuant to which he relocated from Nairobi, Kenya to Johannesburg, South Africa. Among the benefits allegedly offered to induce plaintiff's acceptance of the contract were housing and educational benefits for plaintiff and his family, which included young children. Plaintiff alleges that prior to the expiration of the terms of that contract, he was made to sign a superseding employment contract under duress. Plaintiff further alleges that the terms of the new employment contract were materially different from and inferior to the terms originally offered to him. Specifically, plaintiff contends that the superseding employment contract prematurely terminated housing and education benefits upon which he relied. Based on a review of the Complaint and attached documentation, plaintiff satisfies the threshold requirement in that his claims appear to be "likely to be of substance."[6]

Moreover, the other *Hodge* factors weigh in favor of granting plaintiff's application. Plaintiff's claims involve somewhat complicated issues of fact, investigation of which will be facilitated with the help of counsel. Further, plaintiff's claims may present complex legal issues. Appointing counsel may greatly assist plaintiff through trial, leading to a "quicker and more just result by

---

[6]     *Hodge*, 802 F.2d at 61.

-3-

sharpening the issues and shaping examination."[7]

## III.    CONCLUSION

For the foregoing reasons, plaintiff's application for appointment of counsel is granted.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before this Court's Pro Se Office is able to find counsel for plaintiff.  Nevertheless, this litigation will progress at a normal pace.  The Clerk of the Court is directed to close this motion [Docket Entry No. 3].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          February 21, 2008

_____

[7]    *Id.* at 60 ("[I]t is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.").

## - Appearances -

**Plaintiff (Pro Se):**

John Owang Omollo
Dainfern Valley Boulevard 12 Dainfern 16 North
Johannesburg, South Africa 2052
+27827745918

**For Defendants:**

Rachel Manne, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9241
Fax (212) 715-8176