UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

JOHN OJWANG' OMOLLO,

                Plaintiff,    :  07 Civ. 9259 (SAS)

      - against -    :  **DECLARATION OF**
                                      :  **GERT JOHANNES PETRUS OLIVIER**

CITIBANK, N.A.,

                Defendant.

---------------------------------------------------------- x

I, Gert Johannes Petrus Olivier, hereby declare:

1      I am a director at the law firm of Brink Cohen Le Roux Inc, which is located at BCLR House, 19 West Street, Houghton, 2198, Johannesburg, South Africa.

2      I have been practicing law in South Africa for 25 years. I have 25 years of experience handling labor and employment matters and, specifically, matters arising out of employment contracts between South African employees and employers. I hold a BA LLB decree from the University of Stellenbosch (1986) and a LLM, Rand Afrikaans University, Johannesburg (1991).

3      I commenced my article of clerkship as a candidate attorney in 1987 and I was admitted to practice in 1989. I have right of appearance in the High Court of South Africa, the Labour Court of South Africa, and various employment tribunals.

4      My areas of specialisation includes commercial litigation, labour law, health and safety law and arbitration. I am a member of the Association of Arbitrators of South Africa and I do all my appearances in the various courts and tribunals myself.

KL3 2645020.2

5   I am a member of the South African Society of Labour Law, the Law Society of the Northern Provinces, Johannesburg Law Society, and I am a member of and regular participant in conferences organized by the International Bar Association's Employment Law Division. A number of important labour law cases in both the Labour Appeal Court, Labour Court and tribunals in which I have acted, had been reported in relevant South African Law Reports.

6   I appear mainly for corporate clients such as mining companies, finance houses and industrial corporations in the areas of employment law and health and safety.

7   I submit this declaration in connection with Defendant Citibank N.A.'s Motion to Dismiss the complaint captioned *John Ojwang' Omollo v. Citibank, N.A.*, 07 Civ. 9259 (SAS) (the "complaint"). In preparing this declaration, I have reviewed the complaint as well as the annexures thereto in order to determine for myself the basis of the plaintiff's claim.

8   I am informed that Plaintiff did not file his claims in any court by September 17, 2005. Therefore, both of Plaintiff's claims are time-barred under South African law.

9   If Plaintiff's claims were timely, South Africa would be an available forum for his claims.

10   Specifically, the High Court of South Africa established in terms of the **Supreme Court Act, No. 59 of 1959** would have jurisdiction to determine the Plaintiff's claims arising from alleged fraudulent inducement and duress. The Witwatersrand Local Division of the High Court with its seat in Johannesburg would have jurisdiction over Citibank, N.A. because the company is located and doing business in Johannesburg, Gauteng Province, South Africa.

11   I set out in what follows herein below my understanding of the Plaintiff's claims and the basis on which he makes such claims in the United States District Court, for the Southern District of New York. In what follows I attempt to apply the principles that flow from the South African Law and more particularly the South African common law as to the nature of the claims. I also deal in what follows with the relevant remedies the Plaintiff

would have been able to pursue in South African courts as well as the application of the South African **Prescription Act, No. 68 of 1969** to such claims. I also set out more details relating to the relevant forum.

11.1 **Fraudulent inducement to enter into the November 2000 contract**

11.1.1 Plaintiff's "fraudulent inducement" claim would be similar to the concept of fraudulent misrepresentation in the South African law context. A fraudulent misrepresentation can be defined as a wrongful and intentional false representation of fact which induces another to act and which causes patrimonial loss.

11.1.2 In order to prove a claim for fraudulent misrepresentation, the representor must represent to the representee that a fact or set of facts exists which does not exist. The representation may be oral, in writing, arise by implication from words or conduct or arise out of an omission. Once it has been proved that the representor has misrepresented his state of mind, it necessarily follows that he did so fraudulently.

11.1.3 Where a party has, by way of fraudulent misrepresentation influenced the mind of another party in such a way as to affect that party's conduct, the representee will be able to bring an action for damages under the common law based on delictual liability.

11.2 **Duress to enter into the September 2002 contract**

11.2.1 A contract induced by duress is voidable at the option of the innocent party and not void *ab initio* except when the duress takes the form of, for example, physically forcing the innocent party's hand to write his "signature" on a written contract.

11.2.2 It is not necessary that the alleged conduct be by express words or deeds. Like misrepresentation, it may be implied, tacit or by conduct.

11.2.3 Like fraud, duress is a delict for which damages may be awarded.

3

| | |
|---|---|
| 11.7 | **Prescription in respect of a claim for damages** |
| 11.7.1 | Section 10(1) of the **Prescription Act No 68 of 1969** provides that: *"[s]ubject to the provisions of this Chapter and Chapter IV, a debt shall be extinguished by prescription after the lapse of the period which in terms of the relevant law applies in respect of the prescription of such debt."* A true and correct copy of the Prescription Act is attached hereto as Exhibit A. |
| 11.7.2 | The period for the prescription of debt is, in terms of section 11(d), three years in respect of any other debt for which another period of prescription is not prescribed in the Act or any other act. *See also Gericke v. Sack*, 1978(1) SA 821 (A) at 826 (stating that claims based on delict have a three year prescription period). A copy of this case is attached hereto as Exhibit B. |
| 11.7.3 | It has been held that extinctive prescription commences to run, not necessarily when the debt arises, but only when it becomes due. In the absence of the term "debt", the courts have held that it must be given a wide and general meaning. So, for the purposes of section 12(1) of the Prescription Act of 1969, the word "debt" includes any liability arising from and being due or owing under a contract, but obviously includes delictual debts. Consequently, in its broadest sense, the idea of a "debt" in relation to the Act refers to an obligation to do something, whether by payment or by the delivery of goods and services, or not to do something. It has been held that a debt is only due when the creditor's cause of action is complete. |
| 11.7.4 | Prescription begins to run when the creditor has or ought to have had knowledge of both the identity of the debtor and the facts from which the debt arises. *See, e.g., The Minister of Public Works and Land Affairs v. Group Five Buildings Ltd*, 1997 JOL 331 (A) at 18 (a true and correct copy of this case is attached hereto as Exhibit C). |

| 12 | **Application of Prescription Act to Causes of Action in the Complaint** |
|---|---|
| 12.1 | In respect of any claims for damages of such misrepresentations or duress, the prescription period begins to run when the alleged damages arose. *See, e.g., Gericke*, 1978(1) SA 821 (A) at 826 (holding that appellant had knowledge of the facts from which the debt arose (the delict) on the date she was injured). |
| 12.2 | The damages that plaintiff is claiming relates to the loss of schooling and housing benefits and arose when he executed the second contract on September 17, 2002, and such benefits were allegedly "taken away" from plaintiff. Therefore any claim for damages based on the alleged fraudulent misrepresentation or duress would have prescribed by September 17, 2005, which is three years after Plaintiff was aware of any potential damages arising from his claims. |
| 13 | **Forum** |
| 13.1 | If Plaintiff's claims were not time-barred, the High Court of South Africa would be the appropriate forum to decide on the dispute and would have jurisdiction to adjudicate such dispute whether based on contract or delict. The plaintiff is a resident of South Africa and his employer, according to the complaint, was Citibank N.A., who is a resident of South Africa since it is doing business in South African through its South African branch. Because the defendant resides within the area of the High Court of South Africa, such court would have jurisdiction over it. Such court would have subject matter jurisdiction over the fraudulent mispresentation and duress causes of action because the alleged damages arising out of these contracts occurred in South Africa. Further, the 2000 contract contains a clause stating that the governing law will be the laws of South Africa and the 2002 contract was concluded in South Africa. |

14  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:  Johannesburg, South Africa
March 11, 2008

_____
GERT JOHANNES PETRUS OLIVER