# Exhibit A

PRESCRIPTION ACT 68 OF 1969

(English text signed by the State President)

*[Assented To: 23 May 1969]*

*[Commencement Date: 1 December 1970]*

as amended by:

General Law Amendment Act 62 of 1973

General Law Amendment Act 57 of 1975

Prescription Amendment Act 11 of 1984

General Law Amendment Act 139 of 1992

General Law Fourth Amendment Act 132 of 1993

Criminal Law (Sexual Offences and Related Matters) Amendment Act 32 of 2007

[with effect from 16 December 2007]

1. **ACT**

To consolidate and amend the laws relating to prescription.

**ARRANGEMENT OF SECTIONS**

2. **CHAPTER I**

**ACQUISITION OF OWNERSHIP BY PRESCRIPTION**

1. Acquisition of ownership by prescription

2. Involuntary loss of possession

3. Completion of prescription postponed in certain circumstances

4. Judicial interruption of prescription

5. Application of this Chapter to a prescription not completed at the commencement of this Act

## CHAPTER II

## ACQUISITION AND EXTINCTION OF SERVITUDES BY PRESCRIPTION

6. Acquisition of servitudes by prescription

7. Extinction of servitudes by prescription

8. Application of certain provisions of Chapter I to the acquisition and extinction of servitudes by prescription

9. This Chapter not applicable to public servitudes

## CHAPTER III

## PRESCRIPTION OF DEBTS

10. Extinction of debts by prescription

11. Periods of prescription of debts

12. When prescription begins to run

13. Completion of prescription delayed in certain circumstances

14. Interruption of prescription by acknowledgement of liability

15. Judicial interruption of prescription

16. Application of this Chapter

## CHAPTER IV

### 3. GENERAL

17. Prescription to be raised in pleadings

18. Laws prohibiting acquisition of land or any right in land by prescription not affected by this Act

19. This Act binds the State

20. This Act not applicable where Black law applies

21. ..........

22. Repeal of laws

23. Short title and commencement

Schedule - Laws repealed

### 4. CHAPTER I

#### ACQUISITION OF OWNERSHIP BY PRESCRIPTION

1. **Acquisition of ownership by prescription**

   Subject to the provisions of this Chapter and of Chapter IV, a person shall by prescription become the owner of a thing which he has possessed openly and as if he were the owner thereof for an uninterrupted period of thirty years or for a period which, together with any periods for which such thing was so possessed by his predecessors in title, constitutes an uninterrupted period of thirty years.

2.         **Involuntary loss of possession**

The running of prescription shall not be interrupted by involuntary loss of possession if possession is regained at any time by means of legal proceedings instituted within six months after such loss for the purpose of regaining possession, or if possession is lawfully regained in any other way within one year after such loss.

3.         **Completion of prescription postponed in certain circumstances**

(1)     If -

(a)     the person against whom the prescription is running is a minor or is insane, or is a person under curatorship, or is prevented by superior force from interrupting the running of prescription as contemplated in section 4; or

[Para. (a) substituted by s. 22 of Act 132/93]

(b)     the person in favour of whom the prescription is running is outside the Republic, or is married to the person against whom the prescription is running, or is a member of the governing body of a juristic person against whom the prescription is running; and

[Para. (b) substituted by s. 10 of Act 139/92]

(c)     the period of prescription would, but for the provisions of this subsection, be completed before or on, or within three years after, the day on which the relevant impediment referred to in paragraph (a) or (b) has ceased to exist,

the period of prescription shall not be completed before the expiration of a period of three years after the day referred to in paragraph (c).

(2)     Subject to the provisions of subsection (1), the period of prescription in relation to fideicommissary property shall not be completed against a fideicommissary before the expiration of

a period of three years after the day on which the right of that fideicommissary to that property vested in him.

4. **Judicial interruption of prescription**

(1) The running of prescription shall, subject to the provisions of subsection (2), be interrupted by the service on the possessor of the thing in question of any process whereby any person claims ownership in that thing.

(2) Any interruption in terms of subsection (1) shall lapse, and the running of prescription shall not be deemed to have been interrupted, if the person claiming ownership in the thing in question does not successfully prosecute his claim under the process in question to final judgment or if he does so prosecute his claim but abandons the judgment or the judgment is set aside.

(3) If the running of prescription is interrupted as contemplated in subsection (1), a new period of prescription shall commence to run, if at all, only on the day on which final judgment is given.

(4) For the purposes of this section "process" includes a petition, a notice of motion, a rule *nisi* and any document whereby legal proceedings are commenced.

5. **Application of this Chapter to a prescription not completed at the commencement of this Act**

A prescription which has not been completed at the commencement of this Act, shall be governed by the provisions of this Chapter in respect of the course of the unexpired portion of the period of prescription.

## CHAPTER II

## ACQUISITION AND EXTINCTION OF SERVITUDES BY PRESCRIPTION

6.       Acquisition of servitudes by prescription

Subject to the provisions of this Chapter and of Chapter IV, a person shall acquire a servitude by prescription if he has openly and as though he were entitled to do so, exercised the rights and powers which a person who has a right to servitude is entitled to exercise, for an uninterrupted period of thirty years or, in the case of a praedial servitude, for a period which, together with any periods for which such rights and powers were so exercised by his predecessors in title, constitutes an uninterrupted period of thirty years.

7.       Extinction of servitudes by prescription

(1)      A servitude shall be extinguished by prescription if it has not been exercised for an uninterrupted period of thirty years.

(2)      For the purposes of subsection (1) a negative servitude shall be deemed to be exercised as long as nothing which impairs the enjoyment of the servitude, has been done on the servient tenement.

8.       Application of certain provisions of Chapter I to the acquisition and extinction of servitudes by prescription

(1)      The provisions of sections 2, 3, 4 and 5 shall apply *mutatis mutandis* to the acquisition of a servitude by prescription.

(2)      The provisions of sections 3, 4 and 5 shall apply *mutatis mutandis* to the extinction of a servitude by prescription.

(3)      For the purposes of the application of the provisions of section 4(1) in relation to the acquisition or extinction of a servitude by prescription, any reference therein to the possessor of the thing shall be construed as a reference to the person in whose favour the prescription is running; and any reference therein to a claim to the ownership in the thing shall be construed as a reference to a claim for the termination of the exercise of the rights and powers or of the breach of the servitude, as the case may be, by virtue of which the prescription is running.

9.     This Chapter not applicable to public servitudes

The provisions of this Chapter shall not apply to public servitudes.

5. **CHAPTER III**

PRESCRIPTION OF DEBTS

10.    Extinction of debts by prescription

(1)    Subject to the provisions of this Chapter and of Chapter IV, a debt shall be extinguished by prescription after the lapse of the period which in terms of the relevant law applies in respect of the prescription of such debt.

(2)    By the prescription of a principal debt a subsidiary debt which arose from such principal debt shall also be extinguished by prescription.

(3)    Notwithstanding the provisions of subsections (1) and (2), payment by the debtor of a debt after it has been extinguished by prescription in terms of either of the said subsections, shall be regarded as payment of a debt.

11.    Periods of prescription of debts

The periods of prescription of debts shall be the following:

(a)    thirty years in respect of –

   (i)   any debt secured by mortgage bond;

   (ii)  any judgment debt;

   (iii) any debt in respect of any taxation imposed or levied by or under any law;

   (iv)  any debt owed to the State in respect of any share of the profits, royalties or any similar consideration payable in respect of the right to mine minerals or other substances;

(b) fifteen years in respect of any debt owed to the State and arising out of an advance or loan of money or a sale or lease of land by the State to the debtor, unless a longer period applies in respect of the debt in question in terms of paragraph (a);

(c) six years in respect of a debt arising from a bill of exchange or other negotiable instrument or from a notarial contract, unless a longer period applies in respect of the debt in question in terms of paragraph (a) or (b);

(d) save where an Act of Parliament provides otherwise, three years in respect of any other debt.

## 12.  When prescription begins to run

(1) Subject to the provisions of subsections (2), (3), and (4), prescription shall commence to run as soon as the debt is due.

[Subs. (1) substituted by s. 68 of Act 32/2007]

(2) If the debtor wilfully prevents the creditor from coming to know of the existence of the debt, prescription shall not commence to run until the creditor becomes aware of the existence of the debt.

(3)     A debt shall not be deemed to be due until the creditor has knowledge of the identity of the debtor and of the facts from which the debt arises: Provided that a creditor shall be deemed to have such knowledge if he could have acquired it by exercising reasonable care.

[Subs. (3) substituted by s. 1 of Act 11/84]

(4)     Prescription shall not commence to run in respect of a debt based on the commission of an alleged sexual offence as contemplated in sections 3, 4, 17, 18(2), 20(1), 23, 24(2), 26(1) and 71(1) or (2) of the Criminal Law (Sexual Offences and Related Matters) Amendment Act, 2007, during the time in which the creditor is unable to institute proceedings because of his or her mental or psychological condition.

[Subs. (4) added by s. 68 of Act 32/2007]

## 13.     Completion of prescription delayed in certain circumstances

(1)     If -

(a)     the creditor is a minor or is insane or is a person under curatorship or is prevented by superior force including any law or any order of court from interrupting the running of prescription as contemplated in section 15(1); or

(b)     the debtor is outside the Republic; or

[Para. (b) substituted by s. 11 of Act 139/92]

(c)     the creditor and debtor are married to each other; or

(d)     the creditor and debtor are partners and the debt is a debt which arose out of the partnership relationship; or

(e)     the creditor is a juristic person and the debtor is a member of the governing body of such juristic person; or

(f) the debt is the object of a dispute subjected to arbitration; or

(g) the debt is the object of a claim filed against the estate of a debtor who is deceased or against the insolvent estate of the debtor or against a company in liquidation or against an applicant under the Agricultural Credit Act, 1966 (Act No. 28 of 1966); or

[Para. (g) substituted by s. 11 of Act 139/92]

(h) the creditor or the debtor is deceased and an executor of the estate in question has not yet been appointed; and

(i) the relevant period of prescription would, but for the provisions of this subsection, be completed before or on, or within one year after, the day on which the relevant impediment referred to in paragraph (a), (b), (c), (d), (e), (f), (g) or (h) has ceased to exist,

> the period of prescription shall not be completed before a year has elapsed after the day referred to in paragraph (i).

(2) A debt which arises from a contract and which would, but for the provisions of this subsection, become prescribed before a reciprocal debt which arises from the same contract becomes prescribed, shall not become prescribed before the reciprocal debt becomes prescribed.

### 14. Interruption of prescription by acknowledgement of liability

(1) The running of prescription shall be interrupted by an express or tacit acknowledgement of liability by the debtor.

(2) If the running of prescription is interrupted as contemplated in subsection (1), prescription shall commence to run afresh from the day on which the interruption takes place or, if at the time of the interruption or at any time thereafter the parties postpone the due date of the debt, from the date upon which the debt again becomes due.

### 15. Judicial interruption of prescription

(1) The running of prescription shall, subject to the provisions of subsection (2), be interrupted by the service on the debtor of any process whereby the creditor claims payment of the debt.

(2) Unless the debtor acknowledges liability, the interruption of prescription in terms of subsection (1) shall lapse, and the running of prescription shall not be deemed to have been interrupted, if the creditor does not successfully prosecute his claim under the process in question to final judgment or if he does so prosecute his claim but abandons the judgment or the judgment is set aside.

(3) If the running of prescription is interrupted as contemplated in subsection (1) and the debtor acknowledges liability, and the creditor does not prosecute his claim to final judgment, prescription shall commence to run afresh from the day on which the debtor acknowledges liability or, if at the time when the debtor acknowledges liability or at any time thereafter the parties postpone the due date of the debt, from the day upon which the debt again becomes due.

(4) If the running of prescription is interrupted as contemplated in subsection (1) and the creditor successfully prosecutes his claim under the process in question to final judgment and the interruption does not lapse in terms of subsection (2), prescription shall commence to run afresh on the day on which the judgment of the court becomes executable.

(5) If any person is joined as a defendant on his own application, the process whereby the creditor claims payment of the debt shall be deemed to have been served on such person on the date of such joinder.

(6) For the purposes of this section, "process" includes a petition, a notice of motion, a rule *nisi*, a pleading in reconvention, a third party notice referred to in any rule of court, and any document whereby legal proceedings are commenced.

## 16. Application of this Chapter

(1) Subject to the provisions of subsection (2) (b), the provisions of this chapter shall, save in so far as they are inconsistent with the provisions of any Act of Parliament which prescribes a specified period within which a claim is to be made or an action is to be instituted in respect of a debt or imposes conditions on the institution of an action for the recovery of a debt, apply to any debt arising after the commencement of this Act.

(2)     The provisions of any law -

(a)     which immediately before the commencement of this Act applied to the prescription of a debt which arose before such commencement; or

(b)     which, if this Act had not come into operation, would have applied to the prescription of a debt which arose or arises out of an advance or loan of money by an insurer to any person in respect of an insurance policy issued by such insurer before 1 January 1974.

[Para. (b) substituted by s. 31 of Act 57/75]

> shall continue to apply to the prescription of the debt in question in all respects as if this Act had not come into operation.

[S. 16 substituted by s. 41 of Act 62/73]

## CHAPTER IV

## 6.  GENERAL

### 17.  Prescription to be raised in pleadings

(1)     A court shall not of its own motion take notice of prescription.

(2)     A party to litigation who invokes prescription, shall do so in the relevant document filed of record in the proceedings: Provided that a court may allow prescription to be raised at any stage of the proceedings.

### 18.  Laws prohibiting acquisition of land or any right in land by prescription not affected by this Act

The provisions of this Act shall not affect the provisions of any law prohibiting the acquisition of land or any right in land by prescription.

**19.   This Act binds the State**

This Act shall bind the State.

**20.   This Act not applicable where Black law applies**

In so far as any right or obligation of any person against any other person is governed by Black law, the provisions of this Act shall not apply.

**21.   ..........**

[S. 21 repealed by s. 12 of Act 139/92]

**22.   Repeal of laws**

Subject to the provisions of section 16 (2), the laws mentioned in the Schedule to this Act are hereby repealed to the extent set out in the third column of that Schedule.

**23.   Short title and commencement**

This Act shall be called the Prescription Act, 1969, and shall come into operation on a date to be fixed by the State President by proclamation in the *Gazette*.

Schedule

## 7. LAWS REPEALED

| No. and Year of Law | 8. Short Title | Extent of Repeal |
|---|---|---|
| Act No. 18 of 1943 | Prescription Act, 1943 | The whole |
| Act No. 46 of 1945 | Finance Act, 1945 | Sections 27, 28, 29 and 30 |
| Act No. 62 of 1955 | General Law Amendment Act, 1955 | Section 23 |
| Act No. 50 of 1956 | General Law Amendment Act, 1956 | Section 16 |
| Act No. 80 of 1964 | General Law Amendment Act, 1964 | Section 6 |
| Proclamation No. 13 of 1943 of the Administrator of South-West Africa | Prescription Proclamation, 1943 | The whole. |
| Proclamation No. 17 of 1944 of the Administrator of South-West Africa | Prescription Amendment Proclamation, 1944 | The whole |
| Ordinance No. 36 of 1965 of South-West Africa | General Law Amendment Ordinance, 1965 | Section 3 |